55 F.3d 684
 312 U.S.App.D.C. 119
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Charles W. CANNON, a/k/a Karriem W. Muhammed, Appellant.
 No. 94-3059.
 United States Court of Appeals, District of Columbia Circuit.
 May 17, 1995.
Rehearing and Suggestion for Rehearing
In Banc Denied
June 14, 1995.
 
 Before: WILLIAMS, GINSBURG, AND RANDOLPH, Circuit Judges.
 
 JUDGMENT
 
 1
 This case came to be heard on appeal from the United States District Court for the District of Columbia and was ably briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C. Cir. R. 36(b).
 
 
 2
 The district court did not abuse its discretion by denying appellant's motion for a bifurcated trial in which the jury would render a special verdict on the issue of appellant's possession of a firearm before hearing any evidence of appellant's prior conviction or pending indictment. We have determined that "[t]he jury must always be informed of the full nature, including each element, of the charged crime." United States v. Fennell, No. 93-3064, slip op. at 10 (D.C. Cir. May 5, 1995). Hence, the prior conviction and pending indictment both constituted elements of the offenses appellant was charged with committing. See 18 U.S.C. Secs. 922(g) & 922(n).
 
 
 3
 The district court also did not abuse its discretion by admitting evidence of appellant's prior illegal gun possession. The evidence was probative of material issues other than character under Fed. R. Evid. 404(b), and the probative value of the evidence was not substantially outweighed by the danger of prejudice under Fed. R. Evid. 403. See United States v. Clarke, 24 F.3d 257, 264-66 (D.C. Cir. 1994).
 
 
 4
 The government concedes that it did not present sufficient evidence with respect to appellant's conviction under 18 U.S.C. Sec. 922(n). We agree and hereby vacate appellant's conviction and sentence under 18 U.S.C. Sec. 922(n) and remand to the district court with instructions to dismiss that charge. There is no need, however, for appellant to be resentenced, because his term of imprisonment remains unaltered.
 
 For the foregoing reasons, it is
 
 5
 ORDERED and ADJUDGED that the judgment of the district court is affirmed.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C. Cir. R. 41.